UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| **DONALD FRANKLIN LANIER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   CASE NO. 6:13-CV-0590-SLB |
| | ) |
| **PESCO, INC.; EMPLOYERS' ADMINISTRATIVE SERVICES,** | ) ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

The case is presently pending before the court on the parties' Renewed Joint Motion to Approve Settlement. (Doc. 34.) For the reasons set forth below, the court find the parties' Motion is due to be granted.

The court notes:

[T]he FLSA's are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 902, 89 L. Ed. 1296 (1945). The first exception is that the Secretary of Labor may supervise the payment of back wages to employees; employees who accept such payments waive their rights to bring suits for liquidated damages, provided the employer pays the back amount in full. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).

The second route to settlement, and the one that is applicable here, occurs when an employee brings a private action for back wages under 29 U.S.C. § 216(b); the employee and employer present a proposed settlement to the district court, and the district court reviews the judgment and enters it as a stipulated judgment. *Lynn's Food Stores*, 679 F.2d at 1354 ("Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by employees provides

some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.").

In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," *id*. at 1353, and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions," *id*. at 1355. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] . . . the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354.

*Stalnaker v. Novar Corp*., 293 F. Supp. 2d 1260, 1262-63 (M.D. Ala. 2003).

This court previously denied the parties' Joint Motion to Approve Settlement, (doc. 30); however, it allowed the parties to resubmit their settlement for approval, stating:

Should the parties wish to go forward with their settlement, their settlement agreements must again be attached to their Joint Motion to Approve Settlement, and their Motion shall include the following information:

1. Describe the bona fide dispute or disputes resolved by the compromise and how each dispute was resolved (this should include an explanation of whether any "problems" warrant the compromise);

2. Set forth any "side deals" – such as confidentiality agreements and/or releases of claims other than the FLSA claim in this action; and

3. With regard attorneys' fee, either (1) demonstrate the reasonableness of the proposed attorneys' fee using the lodestar approach or (2) represent that the parties agreed to the plaintiff's attorneys' fee separately and without regard to the amount paid to settle the plaintiff's FLSA claim.

(Doc. 31 at 6.)  The parties' Renewed Joint Motion to Approve Settlement, (doc. 34), satisfies the court's prior Order.

The court finds that plaintiff's claims represent a bona fide dispute over FLSA provisions, specifically whether the time spent driving to and from his home and work sites was compensable time and whether defendant Employers' Administrative Services was plaintiff's employer for purposes of the FLSA.  Based on the parties' representations, the court finds that the parties' settlement, including the amount of attorneys' fees, is a fair and reasonable resolution of these bona fide disputes.

An Order granting the parties' Renewed Joint Motion to Approve Settlement, (doc. 34), will be entered contemporaneously with this Memorandum Opinion.

Done this 13th day of January, 2016.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE